The Disciplinary Review Board having filed with the Court its decision in DRB 18-111, concluding on the record certified to the Board pursuant to Rule 1:20-4(f)(default by respondent) that Cheri S. Williams Robinson, formerly of East Norriton, Pennsylvania, who was admitted to the bar of this State in 2001, and who has been suspended from the practice of law since July 6, 2015, should be suspended from practice for a period of one year for violating RPC 8.1(b) (failure to cooperate with disciplinary authorities) and RPC 8.4(d) (conduct prejudicial to the administration of justice);
And the Disciplinary Review Board having further concluded that the one-year term of suspension should be consecutive to the suspension imposed pursuant to the Order of this Court filed May 22, 2017 in D-26-17; 078423;
And good cause appearing;
It is ORDERED that Cheri S. Williams Robinson is suspended from the practice of law for a period of one year, effective May 23, 2018, and until the further Order of the Court; and it is further
ORDERED that respondent shall comply with the conditions in the Orders of this Court filed May 22, 2017, November 2, 2016, and June 4, 2015, including, but not limited to, that she not be reinstated to practice until she is reinstated in Pennsylvania, has reimbursed the Pennsylvania Lawyers' Fund for Client Protection, **450 and has complied with the fee arbitration determination in District Docket No. IV-2014-058F; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *410 RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.